**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

KENNETH MERRITT,

     Plaintiff,

v.

JUDGE CEDRICK WOOTEN,

     Defendant.

Case No. 2:24-cv-2550-MSN-atc
JURY DEMAND

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 34, "Report"). Plaintiff timely filed objections to the Report (ECF No. 36), and Defendant Judge Cedrick Wooten ("Judge Wooten") timely filed a response to Plaintiff's objections (ECF No. 38). A little over six months after filing his objections, Plaintiff filed a second set of objections on December 24, 2025 (ECF No. 41). Plaintiff did not seek leave for the late filing of additional objections. Defendant did not respond to the late-filed objections.

The Report recommends that Judge Wooten's Motion to Dismiss be granted and all claims against him dismissed. The Report also recommends finding that the City of Memphis ("City") is not a party to this case because it has not been properly served, and that these claims be dismissed because Plaintiff appears to have abandoned them.

For the reasons set forth below, Plaintiff's objections to the Report are **OVERRULED** in part, and the Report is **ADOPTED**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

2

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898

F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp,*

*LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

<u>**PLAINTIFF'S OBJECTIONS TO THE REPORT**</u>

As an initial matter, Plaintiff's objections filed on December 24, 2025 (ECF No. 41) are

untimely.  He did not seek leave to file additional objections late, and he does not argue that there

are exceptional circumstances justifying consideration of his additional late objections.  The Court

therefore will not consider the untimely objections.[1]  *See Keeling v. Warden, Lebanon Corr. Inst.*,

673 F.3d 452, 458 (6th Cir. 2012); *see also Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445,

450, 456 (6th Cir. 2007) (noting that a district court is "under no obligation" to consider untimely

objections).

Plaintiff timely-filed objections are set forth in two categories: the first set addresses the

recommendation that the City is not a party and that the claims against the City be dismissed, and

the second set addresses the recommendation that Judge Wooten's Motion to Dismiss be granted.

The Court follows Plaintiff's pattern and addresses the objections in turn below.

A.      <u>**Claims Against the City of Memphis**</u>

Plaintiff asserts that he has not abandoned his claims against the City of Memphis.  He says

that service was impossible.  According to Plaintiff, after the City filed the Notice of Limited

Appearance asserting that it was not Judge Wooten's employer, he "contacted the City's legal

department and the Clerk's Office seeking an alternative service address but received no

guidance." (ECF No. 36 at PageID 109.)  At the same time, Plaintiff appears to agree that the City

---

[1] The late-filed objections (ECF No. 41) appear to mostly repeat Plaintiff's earlier
objections (ECF No. 36).

is not Judge Wooten's employer and is not a proper Defendant.  But he objects to dismissal of this matter in whole because he asserts that "[o]nce the proper defendant and address are identified, those claims remain viable."  (ECF No. 36 at PageID 109.)  And he thus asserts that he should be given leave to amend his complaint to "[i]dentify the correct municipal employer" so he can "[e]ffect proper service once the correct party and address are known."  (ECF No. 36 at PageID 109.)

Although "the Court sympathizes with [plaintiff's] attempts as a *pro se* litigant to effect proper service of process, neither the Court nor the Clerk can assist him in this endeavor." *Robinson v. Tennessee Highway Patrol*, No. 1:16-1296, 2017 WL 3234390, at *2 (W.D. Tenn. July 31, 2017) (citation omitted).  The City's Notice of Limited Appearance was entered on October 15, 2024.  (ECF No. 15.)  And about a month later, the Court did provide some assistance: In the Order to Show Cause (ECF No. 17), entered November 20, 2024, the Magistrate Judge told Plaintiff that he could serve the City of Memphis "by having a copy of the summons and the complaint delivered to the City Attorney's office, located at 125 North Main Street, Room 336, Memphis, Tennessee, 38103."  (*Id.* at PageID 36.)  And yet, Plaintiff made no further attempts at serving the City despite this express direction on how he could do it.  Without proper service of process, the Court lacks personal jurisdiction over the City.  *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 396 (6th Cir. 2021); *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday*, 9 F.4th at 395).

Also, extending the time to serve the City would not be appropriate under the circumstances.  As Plaintiff appears to acknowledge, the City is not Judge Wooten's employer. (*See* ECF No. 15 at PageID 32); *Fischiettie v. Shelby Cnty.*, No. 24-cv-02353-MSN-tmp, 2024 WL 5301784, at *3 (W.D. Tenn. Nov. 15, 2024), *report and recommendation adopted*, No. 2:24-cv-

02353-MSN-tmp, 2024 WL 5233184 (W.D. Tenn. Dec. 27, 2024). Therefore, serving the City would be futile.

In addition, allowing Plaintiff to amend his complaint to add Judge Wooten's employer would also be futile. That's because "it is well-settled that Shelby County Circuit Court judges are state employees[.]" *Fischiettie*, 2024 WL 5301784, at *3 (citation omitted). And claims against the State of Tennessee are barred by sovereign immunity. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046–47 (6th Cir. 2015).

For the above reasons, Plaintiff's objections are **OVERRULED**.

**B.      Claims Against Judge Wooten**

1.      Non-Judicial Acts and Judicial Immunity

Plaintiff argues that Judge Wooten's actions are non-judicial acts, so he is not entitled to judicial immunity. (ECF No. 36 at PageID 110.) For example, he asserts that Judge Wooten "refusing to process or rule on a properly filed motion is an "administrative act" that does not enjoy judicial immunity. (*Id.*)

First, the Court uses a two-prong test to determine whether the non-judicial acts exception applies, which considers (1) "whether the act in question is a function that is 'normally performed by a judge,'" and (2) "whether the parties dealt with the judge in . . . her judicial capacity." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citations omitted). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the "act itself." *Mireles v. Waco* 502 U.S. 9, 13 (1991) (citation omitted). The inquiry does not turn on whether the judge's actions were taken in error or in excess of his authority. *Id.*

5

Second, a judge acts "in the clear absence of all jurisdiction 'only when the matter upon which [she] acts is clearly outside the subject matter of the court over which [she] presides.'" *Id.* at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

Here, Judge Wooten was acting in his judicial capacity and was performing judicial functions. He is therefore entitled to judicial immunity for the individual capacity claims against him. Plaintiff's objection is **OVERRULED**.

2.    Sovereign Immunity and *Ex Parte Young*

Plaintiff argues that sovereign immunity does not bar his official capacity claims against Judge Wooten because he seeks prospective and declaratory relief. (ECF No. 36 at PageID 111.) He asserts his claims therefore are not barred due to the exception announced in *Ex parte Young*, 209 U.S. 123, 159–60.

Plaintiff is correct that one exception to Eleventh Amendment immunity is *Ex parte Young*, 209 U.S. 123 (1908). "Under *Ex parte Young*, 'suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment.'" *Morgan*, 63 F.4th at 515 (quoting *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). The *Ex parte Young* exception "applies only when the plaintiff sues for 'prospective [injunctive] relief to end a *continuing* violation of federal law.'" *Id.* (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (emphasis added)). It does not apply to past acts, and the complaint must clearly state the allegedly ongoing violations. *Id.* (quoting *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) and *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)).

Plaintiff asserts that he "seeks, among other remedies, injunctive relief to correct systemic docket errors, lift unwarranted sanctions, and ensure proper procedural conduct, which are all prospective in nature." (ECF No. 35 at PageID 111.) But neither Plaintiff's Complaint (ECF No.

6

1), nor the proposed amended complaint (ECF No. 10), request injunctive relief or assert that Plaintiff is subject to an ongoing violation.  This objection is contradicted by the record, and it is **OVERRULED**.

      3.      <u>Breaches of Code of Judicial Conduct</u>

Plaintiff objects that Judge Wooten's action violate the Code of Judicial Conduct.  Even accepting that as true, Judge Wooten would still be entitled to judicial immunity for the actions that serve as the basis for Plaintiff's complaint in this matter.  This objection is **OVERRULED**.

      4.      <u>Improper *Sua Sponte* Assumptions and Lack of Notice</u>

Plaintiff says that "Courts may not deploy adverse, unpled assumptions against a pro se party without first giving notice and an opportunity to respond."  (ECF No. 36 at PageID 112.)  But Plaintiff does not specific what "adverse, unpled assumption" was deployed against him.

Similarly, Plaintiff alleges that the Report "makes unwarranted inferences" and "repeatedly 'guesses' at Plaintiff's motives."  (*Id.*)  Specifically, he alleges that Magistrate Judge Christoff assumed "that the recusal motion was untimely or that Plaintiff abandoned claims- without any factual finding, notice, or chance to rebut those inferences."  (*Id.*)

The Court can find no discussion of a recusal motion as untimely in the Report, so it is unsure what Plaintiff is referring to.  And Plaintiff was given several prior opportunities to advance his claims against the City of Memphis, and he was also specifically warned that, if he failed to file and amended complaint and timely serve the City of Memphis, this matter could be dismissed. (*See* ECF Nos. 17 & 18.)  Plaintiff's assertion that he lacked notice or was not given an opportunity to respond or be heard is without merit.  Plaintiff's objection is **OVERRULED**.

5.    Rule 12(b)(6) and Materials Outside the Complaint

Plaintiff alleges that materials outside the complaint were considered, and Judge Wooten's Motion to Dismiss should be treated as one for summary judgment under Rule 56. He asserts he should therefore have been given notice and an opportunity to respond. He says this resulted in prejudice to him because "he was never informed of these adverse assumptions or given a chance to present counterevidence," so "his ability to contest them was effectively nullified." (ECF No. 36 at PageID 112–13.)

Again, however, Plaintiff does not specify what he thinks Magistrate Judge Christoff considered outside of the complaint. After reviewing the Report, the Court has been unable to identify what materials Plaintiff believes were improperly considered. Plaintiff's objection is **OVERRULED**.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Objections (ECF No. 36) are **OVERRULED**. The Magistrate Judge's Report and Recommendation (ECF No. 34) is **ADOPTED** in its entirety. Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**, and all claims in this matter against Defendant Cedrick Wooten are **DISMISSED WITH PREJUDICE**. The City of Memphis has not been properly served, so all claims against the City of Memphis are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

8